UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORIO BRAVO, | Case No. 2:14-CV-1616 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| CAESARS ENTERTAINMENT CORPORATION dba CAESARS PALACE, | |
| Defendant(s). | |

Presently before the court is defendant Caesars Entertainment Corporation's (hereinafter "defendant") motion to dismiss plaintiff's first, third, fourth, fifth, sixth, and eighth causes of action. (Doc. # 10). Plaintiff Gregorio Bravo (hereinafter "plaintiff") filed a response, (doc. # 11), and defendant filed a reply, (doc. # 12).

**I.  Background**

On or around July 5, 2005, plaintiff began working for defendant as a utility porter. Plaintiff is a Hispanic man of Mexican national origin. At the time relevant to the complaint, he was sixty-two years old. (Doc. # 1).

Plaintiff contends that beginning in 2012, he was subjected to hostile and disparate treatment in the workplace. Plaintiff alleges that his supervisor, Ms. Hava Kukie, subjected him to unwarranted discipline, verbal harassment, hostile work environment, and disparate treatment due to his age and national origin. Kukie is of Bosnian national origin. (Doc. # 1).

Plaintiff requested meetings and filed complaints against Kukie for yelling, disrespectful comments, and swearing. Plaintiff states that he was singled out and harassed for improper

1  cleaning of air conditioning units. Plaintiff reported this behavior to the manager, Jesus
2  Montano, who reviewed plaintiff's work and found it satisfactory.

3  On March 12, 2012, plaintiff was disciplined for failure to properly clean a room.
4  Plaintiff claims that his work was more closely monitored than that of other employees. Plaintiff
5  made two or more additional meeting requests, one of which plaintiff contends was
6  inappropriately handled and marked as resolved.

7  Plaintiff states that in September 2012, Kukie swore at him in front of coworkers, telling
8  him that "every fucking door was dirty." (Doc. # 1). Due to failed meeting resolutions, plaintiff
9  filed union grievances in 2012 and 2013. In January 2013, plaintiff received a written discipline
10  for being disrespectful to Kukie. The incident was marked as a final warning.

11  Plaintiff then spoke to director of housekeeping, Sara Smith, and expressed his desire to
12  speak with the vice president of hotel operations regarding the abuse he suffered in the
13  workplace. On March 28, 2013, plaintiff was suspended pending investigation for "possible
14  violation of Caesars Palace policies and procedures." (Doc. # 1).

15  Plaintiff's employment with defendant was eventually terminated. (Doc. # 1). Plaintiff
16  then filed the instant action alleging discrimination and retaliation, among other claims. (Doc. #
17  1). Defendant then filed the instant motion. (Doc. # 10).

18  **II.  Legal Standard**

19  *i.    12(b)(1) lack of subject matter jurisdiction*

20  A court may dismiss a plaintiff's complaint for lack of subject-matter jurisdiction. Fed.
21  R. Civ. P. 12(b)(1). Federal Rule of Civil Procedure 12(b)(1) permits a party to assert this
22  defense by motion. *Id.* When presented as a factual challenge, a rule 12(b)(1) motion can be
23  supported by affidavits or other evidence outside of the pleadings. *United States v. LSL*
24  *Biotechs.*, 379 F.3d 672, 700 n.14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d
25  199, 201 (9th Cir. 1989)).

26  "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly,
27  the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court,
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

on having the defect called to its attention or on discovering the same, must dismiss the case." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

### ii. 12(b)(6) failure to state a claim

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

James C. Mahan
U.S. District Judge

- 3 -

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**III.   Discussion**

*i.   National origin discrimination*

Defendant first moves to dismiss plaintiff's first and sixth causes of action for national origin discrimination. (Doc. # 10). Defendant contends that plaintiff failed to exhaust his administrative remedies as required by Title VII and the Nevada employment discrimination statutes. (Doc. # 10).

Defendant attaches plaintiff's charge of discrimination filed with the Nevada Equal Rights Commission ("NERC") and Equal Employment Opportunity Commission ("EEOC"). (Doc. # 10-1). In that charge, dated July 25, 2013, plaintiff alleged only age discrimination and retaliation. (Doc. # 10-1).

In response, plaintiff argues that his claim for national origin discrimination was exhausted based on an earlier charge of discrimination, dated March 22, 2012, and attached to his opposition. (Doc. # 11). As defendant points out, the EEOC's dismissal and notice of right to sue for this charge was issued on April 6, 2012. (Doc. # 12-1). The notice informed plaintiff that he had ninety days to file suit for his Title VII claim. (Doc. # 12-1).

A plaintiff may litigate a claim for which administrative remedies are available only if that claim was included in an EEOC charge or related to allegations in the charge. *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990); *see also Pope v. Motel 6*, 114 P.3d 277, 280-81 (Nev. 2005) (applying same exhaustion standard to discrimination claims before the Nevada Equal Rights Commission).

James C. Mahan
U.S. District Judge

- 4 -

Non-listed claims may be considered administratively exhausted where they are "like or reasonably related to the allegations made before the EEOC . . . [or] within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (citation and quotation marks omitted).

Plaintiff failed to exhaust his administrative remedies for national origin discrimination in the instant case. Any claims based on the 2012 charge are now time-barred. *See Scholar v. Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992) (noting 90 day statute of limitations to bring suit from date EEOC dismisses claim). As defendant notes, the operative charge of discrimination does not mention national origin. National origin is a separate charge unrelated to the allegations of age discrimination and retaliation. Investigation of national origin discrimination would not reasonably stem from the relevant charge.

Alternatively, plaintiff argues that the EEOC investigator was responsible for checking boxes on plaintiff's 2013 claim, or that plaintiff simply made a mistake by failing to check the box for national origin himself. (Doc. # 11). He states that his employer was on notice of his national origin discrimination claims based on his prior EEOC charge. (Doc. # 11).

These arguments do not reflect the applicable legal standard here. Plaintiff must have exhausted his administrative remedies by filing an EEOC claim that encompassed the instant allegations and timely bringing suit. While the exhaustion requirement may be excused when an EEOC representative misled the plaintiff, plaintiff does not make such allegations here. *See Joseph v. Pacific Bell*, 443 F.3d 1050, 1053-54, 1058 (9th Cir. 2005) (applying equitable exception to plaintiff's failure to file EEOC claim within 300 days of termination where EEOC employee gave plaintiff incorrect instructions as to how to file his claim).

Plaintiff does not contend that he was in any way misled with regard to his EEOC claim. Instead, he simply argues that failure to check the box was a mistake. This does not excuse his failure to exhaust. Because plaintiff failed to exhaust his administrative remedies with regard to his claims for national origin discrimination, the court lacks jurisdiction over them. *See Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). Therefore, plaintiff's first cause of action for national origin discrimination will be dismissed.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Plaintiff's sixth cause of action charges discrimination under the Nevada Equal Employment Opportunity Act. *See* NRS 633.310 *et seq.* Nevada Revised Statute 613.330, cited by plaintiff, prohibits unlawful employment practices with regard to both age and national origin. NRS 613.330.

However, plaintiff's second cause of action already alleges age discrimination pursuant to NRS 613.330. It is therefore unclear to the court what type of discrimination plaintiff is alleging in his sixth cause of action, if not national origin discrimination. While plaintiff's sixth cause of action does not specifically reference national origin, it does incorporate plaintiff's prior allegations by reference. (Doc. # 1).

The court finds it appropriate to dismiss plaintiff's sixth cause of action in its entirety. Plaintiff's claims of national origin discrimination are barred for failure to exhaust. The only remaining basis for plaintiff's sixth cause of action is age discrimination. Because plaintiff's second cause of action already alleges age discrimination under Nevada law, plaintiff's sixth cause of action is duplicative. Accordingly, it will be dismissed along with plaintiff's first cause of action.

    *ii.    Public policy tort*

Defendant next moves to dismiss plaintiff's third cause of action for "public policy tort." (Doc. # 10).

"The Nevada Supreme Court has held that Nevada's public policy against impermissible discrimination cannot be vindicated through a tortious discharge public policy tort, but rather, must be pursued through statutory remedies." *Herman v. United Broth of Carpenters and Joiners of Am., Local Union No. 971*, 60 F.3d 1375, 1385 (9th Cir. 1995) (citing *Sands Regent v. Valgardson*, 777 P.2d 898, 900 (1989)).

"[P]ublic policy tortious discharge actions are severely limited to those rare and exceptional cases where the employer's conduct violates strong and compelling public policy." *Sands Regent*, 777 P.2d at 900 (refusing to allow common law public policy tort action in age discrimination case).

. . .

**James C. Mahan**
**U.S. District Judge**

1    "[T]he public policy tortious discharge is limited and has been interpreted to protect
2    against specific actions contrary to public policy such as the discharge of an employee for
3    seeking industrial insurance benefits, for performing jury duty, for refusing to work under
4    unreasonably dangerous conditions, or for refusing to violate the law." *Alam v. Reno Hilton*
5    *Corp.*, 819 F. Supp. 905, 910 (D. Nev. 1993).

6    Plaintiff's only alleged public policy violation is the alleged discrimination at issue in this
7    case. Plaintiff claims that defendant's conduct was egregious and thus warrants a separate public
8    policy tortious discharge cause of action. (Doc. # 11).

9    The court disagrees. While plaintiff may be entitled to recover under a particular statute,
10   plaintiff's claims do not meet the standard for a separate tortious discharge action rooted in
11   public policy. The only policy concerns at issue in plaintiff's case relate to discrimination
12   generally, and they are adequately addressed by the applicable statutory standards. For these
13   reasons, plaintiff's third cause of action for public policy tort will be dismissed.

14       *iii.*     *Respondeat superior*

15   Defendant also moves to dismiss plaintiff's fourth cause of action for respondeat superior
16   on the grounds that it is not a separate cause of action. (Doc. # 10). Plaintiff responds that his
17   claim is valid and should not be dismissed, citing various cases holding defendants liable based
18   on vicarious liability. (Doc. # 11). Defendant's reply states that "[d]efendant does not dispute
19   that employers are legally responsible for the acts or omissions of their employees under certain
20   circumstances; it is simply not an independent cause of action." (Doc. # 12).

21   Defendant is correct. The doctrine of respondeat superior provides that employers are
22   vicariously liable for the actions of their employees within the scope of employment.
23   Respondeat superior is a theory of liability, not a cause of action. *See Mitschke v. Gosal*
24   *Trucking, LDS., et al.*, 2:14-cv-1099 JCM (VCF), 2014 WL 5307950, at *2-3 (D. Nev. Oct. 16,
25   2014); *Fernandez v. Penske Truck Leasing Co., L.P.*, 2:12-cv-295 JCM (GWF), 2012 WL
26   1832571, at *1 n.1 (D. Nev. May 18, 2012).

27   . . .

28   . . .

**James C. Mahan**
**U.S. District Judge**

1 Accordingly, plaintiff's fourth cause of action for respondeat superior will be dismissed. This does not preclude plaintiff from arguing that the theory of respondeat superior applies in the instant case.

*iv.     Negligent hiring*

Defendant next moves to dismiss plaintiff's fifth cause of action for negligent hiring, supervision, and/or training of employees. (Doc. # 10). In this claim, plaintiff alleges that defendant should have been aware that its supervisors and employees were engaging in harmful discriminatory practices, and failed to adequately supervise or train them. (Doc. # 1).

Defendant asserts two alternative grounds for dismissal. First, defendant contends that this claim is barred by the Nevada Industrial Insurance Act ("NIIA"). Second, defendant argues that plaintiff's fifth cause of action fails to meet pleading standards and thus should be dismissed under Federal Rule of Civil Procedure 12(b)(6). (Doc. # 10).

The NIIA provides exclusive remedies for injuries caused by negligence arising out of employment. NRS 616A.020(1). The NIIA has been found to specifically preclude claims of negligent hiring, training, and supervision. *See Young v. Zappos.com, Inc.*, 2:08-cv-741 JCM (PAL), 2010 WL 1612140, at * 4-5 (D. Nev. Apr. 19, 2010) (citing *Wood v. Safeway*, 121 P.3d 1026 (Nev. 2005)). Accordingly, the court finds that the NIIA bars plaintiff's negligent hiring claim.

Alternatively, plaintiff's fifth cause of action fails to state a plausible claim for relief and thus is also appropriately dismissed under Federal Rule of Civil Procedure 12(b)(6). Negligent hiring occurs when an employer hires an employee even though the employer knew or should have known that the employee had dangerous propensities. *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996).

Numerous courts in Nevada have found that purely economic loss is not recoverable for negligence claims. *See Local Joint Executive Bd. of Las Vegas, Culinary Workers Union, Local No. 226 v. Stern*, 651 P.2d 637, 638 (Nev. 1982); *Brophy v. Day & Zimmerman Hawthorne Corp.*, 799 F. Supp. 2d 1185, 1201-02 (D. Nev. 2011); *Blanck v. Hager*, 360 F. Supp. 2d 1137,

**James C. Mahan**
**U.S. District Judge**

- 8 -

1157 (D. Nev. 2005) (dismissing claim for negligent supervision and retention where plaintiff alleged improper management and personnel practices resulting in only economic damages).

Plaintiff argues against dismissal of this claim by referencing the notice pleading standard in Nevada courts. The instant action is in federal court, which applies a different pleading standard. Plaintiff cites a case in which a customer was injured by an employee. *See Hall v. SSF, Inc.*, 930 P.2d 94, 99 (Nev. 1996). These arguments are inapposite and do not provide a persuasive reason to deny dismissal.

Based on the foregoing, the court will dismiss plaintiff's fifth cause of action for negligent hiring, supervision, and/or training of employees.

*v.     Intentional infliction of emotional distress*

Finally, defendant moves to dismiss plaintiff's eighth cause of action for intentional infliction of emotional distress ("IIED"). (Doc. # 10).

To establish a claim of intentional infliction of emotional distress, plaintiff must prove: (1) defendant engaged in "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) [plaintiff] suffered severe or extreme emotional distress; and (3) actual or proximate causation." *Posadas* v. *City of Reno,* 851 P.2d 438, 444 (Nev. 1993).

In Nevada, "extreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (internal quotation marks omitted).

Plaintiff's complaint does not state a plausible claim for IIED. Plaintiff alleges that his supervisor yelled and swore at him, criticized his work, and disciplined him unreasonably. These acts are not "outside all possible bounds of decency," and it would be a far stretch to classify them as "utterly intolerable in a civilized community." *See id.* Plaintiff's allegations are typical of discrimination cases and do not present extreme and outrageous conduct.

Further, plaintiff fails to adequately plead damages. Plaintiff merely states that he has suffered damages and is entitled to recover them. Nothing in plaintiff's complaint suggests that defendant caused him severe emotional distress as required to state a claim for IIED. Plaintiff

James C. Mahan
U.S. District Judge

claims only that he suffered "worry, anxiety and anguish." (Doc. # 1). He has not alleged any physical manifestations of distress or need for treatment.

For these reasons, plaintiff's eighth cause of action for IIED will be dismissed.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss, (doc. # 10), be, and the same hereby is, GRANTED. Plaintiff's first, third, fourth, fifth, sixth, and eighth causes of action are hereby DISMISSED.

DATED December 17, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 10 -